UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EARNEST LEE HAMILTON,

                Plaintiff,

    v.

MILLER, et al.,

                Defendants.

Case No. C25-5511-JLR-SKV

ORDER RE: MOTION REQUESTING LEAVE TO AMEND

INTRODUCTION

Plaintiff Earnest Lee Hamilton proceeds pro se and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 action. Plaintiff, who is currently incarcerated at Washington State Penitentiary, brings claims associated with his allegation that he was raped during his confinement as a pretrial detainee at Pierce County Jail. *See* Dkt. 11. Plaintiff filed a Motion Requesting Leave to Amend. Dkt. 16. Defendants Sgt. Robb Miller, Gayle Pero, Deputy Stan Starks, Lt. Bryan Aaron, Deputy Christopher Hall, and Cameron Carillo, RN, oppose this motion. Dkts. 19 & 21. The Court, having now considered the motion, opposition, and the remainder of the record, herein DENIES the Motion Requesting Leave to Amend, Dkt. 16, and STRIKES two "Additional Pleadings", Dkts. 13-14, on the docket.

ORDER RE: MOTION REQUESTING LEAVE TO
AMEND - 1

BACKGROUND

Plaintiff initiated this action by filing an IFP application and proposed complaint with this Court on June 11, 2025. Dkt. 1. The Court issued an Order Declining to Serve and Granting Leave to Amend, Dkt. 6, and twice granted Plaintiff extensions of time to submit an amended pleading, Dkts. 8 & 10. Plaintiff timely submitted his Amended Complaint on October 21, 2025, Dkt. 11, and, on October 27, 2025, the Court directed service of the pleading on the named Defendants, Dkt. 12. The Amended Complaint names the Defendants identified above, as well as seven "John Doe" or other unnamed Defendants, and includes twenty separate claims, numbered "Claim 2" to "Claim 21." Dkt. 11.

On November 4, 2025, the Court received two separate documents from Plaintiff, both entitled "Additional Pleadings." Dkts. 13-14. The first document identifies nine additional entities or individuals as defendants and includes fourteen additional claims, "Claim 22" to "Claim 35", and the second document identifies one additional entity as a defendant and includes three additional claims, "Claim 36" to "Claim 38." *Id*.

On November 17, 2025, the Court received Plaintiff's Motion Requesting Leave to Amend. Dkt. 16. The motion is not accompanied by any proposed amended pleading, states that Plaintiff made a mistake in pleading, and "would only need a few days time to make the correction." Dkt. 16. Plaintiff also, on December 17, 2025, submitted a "Motion Requesting Dismissal of Defendant[s'] Claim for Relief (12-10-25)", wherein he asks that the Court "dismiss Defendant[s'] claim for relief under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted[,]" and grant his motion to amend. Dkt. 22.[1] Plaintiff

---

[1] Although this document requests dismissal of "Defendant[s'] claim for relief", Dkt. 22, no Defendant in this matter has asserted any claim for relief. Defendants did, however, move to dismiss

ORDER RE: MOTION REQUESTING LEAVE TO
AMEND - 2

states: "Based on recent disclosures, Amendment is needed to match facts to the pleadings to reduce unnecessary time and expenses. Also to correct mistakes made regarding the process of court procedure." *Id*.

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading only with the opposing party's written consent or with leave of court. Under this rule, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a party seeking leave of Court to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation to amend, and "must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." Local Civil Rule (LCR) 15(a).

Also, the proposed amended pleading "must not incorporate by reference any part of the preceding pleading, including exhibits." LCR 15(a). An amended pleading operates as a complete substitute for, rather than a mere supplement to, the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990)). Accordingly, claims included in an original pleading, but voluntarily omitted from an amended pleading are waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

Defendants here ask that the Court deny without prejudice the motion to amend given Plaintiff's failure to submit the proposed amended pleading. Defendants also ask that the Court

---

Plaintiff's claims, in two motions filed on December 23, 2025, and December 26, 2026, respectively. Dkts. 23 & 26.

1  strike the "Additional Pleadings", Dkts. 13-14, in which it appears Plaintiff seeks to supplement
2  his Amended Complaint.
3       A motion to amend not accompanied by a proposed amended complaint is procedurally
4  deficient and will not be considered.  *See* LCR 15(a).  Nor may a plaintiff properly supplement a
5  pleading by filing separate documents intended to be read together as a single document.
6  Although the Ninth Circuit adopts a flexible and liberal pleading policy for pro se litigants, the
7  complaint must still give fair notice and state the elements of the claims succinctly and plainly.
8  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The filing of supplements
9  to a complaint fails to meet these standards and presents a risk of piecemeal litigation precluding
10 the orderly resolution of cognizable claims.  Moreover, and as noted above, any amended
11 pleading operates as a complete substitute for any prior complaint.  *Ferdik*, 963 F.2d at 1262.
12      In this case, Plaintiff improperly filed the "Additional Pleadings", Dkts. 13-14, as
13 apparent supplements to the Amended Complaint.  These documents are therefore properly
14 stricken from the docket.  Plaintiff also filed a procedurally deficient motion to amend by failing
15 to attach a proposed amended pleading to his motion.  *See* LCR 15(a).  The Court, as such, does
16 not herein consider Plaintiff's procedurally deficient request to amend.

17 <center>CONCLUSION</center>

18      For the reasons set forth above, the Court STRIKES the "Additional Pleadings",  Dkts.
19 13 -14, as improperly filed, and DENIES without prejudice Plaintiff's procedurally deficient
20 Motion Requesting Leave to Amend, Dkt. 16.  Plaintiff is advised that, if he wishes to pursue
21 amendment of his complaint, he must submit a new motion to amend together with a proposed
22 second amended complaint, and that any second amended complaint will act as a complete
23 / / /

substitute for the Amended Complaint.

Dated this 7th day of January, 2026.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER RE:  MOTION REQUESTING LEAVE TO AMEND - 5