UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EARNEST LEE HAMILTON,

                    Plaintiff,

    v.

MILLER, et al.,

                    Defendants.

Case No. C25-5511-JLR-SKV

ORDER RE:  PLAINTIFF'S TWO
PENDING MOTIONS

INTRODUCTION AND DISCUSSION

Plaintiff Earnest Lee Hamilton, who proceeds pro se and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 action, has two motions pending before the Court.  First, Plaintiff filed a Motion Requesting Rule 3 Application of the Prison Mail Box Rule.  Dkt. 30.  Second, Plaintiff filed a Motion Requesting Leave of the Court to Amend Pleadings.  Dkt. 31.  Defendant Cameron Carillo submitted responses to both motions.  Dkts. 32-33.  The Court, having considered Plaintiff's motions, the responses, and the remainder of the record, herein DENIES Plaintiff's motions for the reasons set forth below.

A.     <u>Motion Regarding Prison Mailbox Rule</u>

Under the prison mailbox rule, a document submitted by a prisoner is deemed to be filed the day the document is signed and delivered to prison authorities for mailing to the Court.

ORDER RE:  PLAINTIFF'S TWO PENDING
MOTIONS - 1

*Houston v. Lack*, 487 U.S. 266, 270 (1988). In the pending motion, Plaintiff asks that the Court grant him "the prison [mailbox] exception" because "by no fault of my own I was unable to access the e-file system." Dkt. 30. The motion was filed on January 26, 2026, after the noting dates for two currently pending motions to dismiss. *See* Dkt. 23 (motion to dismiss noted for consideration on January 20, 2026) and Dkt. 26 (motion to dismiss noted for consideration on January 23, 2026). However, the motion does not contain any arguments in opposition to the motions to dismiss or any other statement beyond the request that the Court grant him the prison mailbox exception. *See* Dkt. 30. The motion therefore fails to identify an opposition brief or other filing to which the prison mailbox rule would apply. The Court, as such, finds no basis for granting the relief requested in the motion.

B.    Motion to Amend

Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend may be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

A party seeking leave of Court to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, and "must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." Local Civil Rule (LCR) 15(a). Also, the proposed amended pleading "must not incorporate by reference any part of the preceding pleading, including exhibits." LCR 15(a). An amended pleading operates as a complete substitute for, rather than a mere supplement to, the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios v. Richard Feiner &*

ORDER RE:  PLAINTIFF'S TWO PENDING
MOTIONS - 2

*Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990)).  Accordingly, claims included in an original pleading but voluntarily omitted from an amended pleading are waived.  *See Lacey v. Maricopa Cnty.,* 693 F.3d 896, 928 (9th Cir. 2012).

In the pending motion, Plaintiff requests leave of Court "to add defendants and claims material to my complaint."  Dkt. 31.  Attached to the motion is a document totaling ninety-one pages and appearing to identify some twenty different defendants and at least ten claims.  Dkt. 31-1.  The document does not include a caption and instead begins with paragraphs and a list identifying defendants.  *See id.* at 1-29.  The defendants identified include some but not all of the individuals named in Plaintiff's First Amended Complaint, as well as a number of different individuals and entities not named in that pleading.  *See* Dkts. 11 & 31-1.  The document does not include the twenty claims set forth in the First Amended Complaint – "Claim 2" to "Claim 21" – but does include, in the following order, "Claim 24" to "Claim 30", "Claim 34", "Claim 22", and "Claim 23."  *See* Dkt. 31-1 at 30-81.  It also includes a number of documents interspersed throughout the claims and otherwise attached as exhibits.  *See id.* at 43-89.

The document submitted does not comply with LCR 15(a).  Specifically, Plaintiff fails to indicate how the document differs from the First Amended Complaint "by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added."  LCR 15(a).

Nor does it appear that Plaintiff offers the document attached to the motion as a complete substitute for the operative pleading.  Instead, it appears that Plaintiff seeks to file a supplement to his First Amended Complaint.  However, as the Court previously advised, *see* Dkt. 28,[1]

---

[1] In a prior Order, the Court struck two proposed "Additional Pleadings" as improper supplements to the First Amended Complaint, and declined to consider a procedurally deficient motion to amend that did not attach a proposed amended pleading.  Dkt. 28 (addressing Dkt. 13 (identifying nine additional entities or individuals as defendants and including fourteen additional claims, "Claim 22" to "Claim 35") and Dkt. 14 (identifying one additional entity as a defendant and including three additional claims, "Claim 36" to "Claim 38")).

ORDER RE:  PLAINTIFF'S TWO PENDING
MOTIONS - 3

Plaintiff may not supplement his pleading by filing separate documents intended to be read together as a single document.  Although the Ninth Circuit adopts a flexible and liberal pleading policy for pro se litigants, the complaint must still give fair notice and state the elements of the claims succinctly and plainly.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The filing of a supplement to a complaint fails to meet these standards and presents a risk of piecemeal litigation precluding the orderly resolution of cognizable claims.

The proposed supplemental pleading is also deficient in a number of other respects. Those deficiencies include, but are not limited to, a failure to comply with Federal Rule of Civil Procedure 8.  Rule 8 requires a "short and plain statement of the claim[.]"  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8.  *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988), *abrogated in part on other grounds by Smith v. Spizzirri*, 601 U.S. 472 (2024); *see also McHenry v. Renne*, 84 F.3d 1172, 1175-76 (9th Cir. 1996).

Here, the ninety-one page document presents claims and identifies defendants in a haphazard and confusing manner, and contains a series of repetitive and conclusory allegations. It does not allow for a clear understanding as to all of the specific causes of action raised and the specific allegations raised against the various individuals and entities identified as defendants.  It therefore fails to provide fair notice of the claims or a short and plain statement of the grounds

ORDER RE:  PLAINTIFF'S TWO PENDING
MOTIONS - 4

upon which they rest.  Should plaintiff again seek to amend his complaint, he must submit a single concise and organized document that includes all named defendants, all of his claims, and non-conclusory allegations accompanied by factual support.[2]

CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion Requesting Rule 3 Application of the Prison Mail Box Rule, Dkt. 30, and the Motion Requesting Leave of the Court to Amend Pleadings, Dkt. 31.

Dated this 4th day of March, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

---

[2] Plaintiff is further advised to consult both the Court's prior Order Declining to Serve and Granting Leave to Amend, Dkt. 6, as it relates to other deficiencies in pleading, and the Report and Recommendation that will be issued addressing the two pending motions to dismiss.

ORDER RE:  PLAINTIFF'S TWO PENDING
MOTIONS - 5